WEIMER, J.,
dissenting.
|tI respectfully dissent from the majority opinion that reverses the rulings of the lower courts. For the following reasons, I find this is a proper case for the application of the doctrine of contemporaneous administrative construction. This court has noted that:
[A]n administrative construction cannot have weight where it is contrary to or inconsistent with the statute. However, where the statute [or other legislative enactment] is ambiguous ... a long settled contemporaneous construction by those charged with administering the statute is given substantial and often decisive weight in its interpretation. This is especially so where ... the administrative construction has consistently been followed since adoption of the statute over twenty years ago.
International Paper, Inc. v. Bridges, 07-1151, pp. 15-16 (La.1/16/08), 972 So.2d 1121, 1131-1132, quoting Traigle v. PPG Industries, Inc., 332 So.2d 777 (La.1976).
On March 3, 2006, the parties filed a “Joint Stipulation of Facts” which they stated was in “support of their respective positions.” The parties submitted the depositions of City Clerk Judy Istre, one taken in 2003 and the other in 2006; a deposition taken in 2003 of Steven Lam-bouse, a CPA (now retired) who had been the auditor of the City of Crowley; and a 2006 deposition of Charles Abshire, a CPA who was the current auditor of the City of Crowley.
12Abshire’s deposition testimony revealed that he was present at Istre’s 2006 deposition, and that he had reviewed the deposition transcript of the former auditor, Lambouse. During the audits Abshire conducted of the Fund, he found no problems with the City’s withdrawals from the Fund generated as a result of the tax proposition at issue. He stated that if *801 there had been problems, the City would have been notified by letter and a copy sent to the legislative auditor. Although the legislative auditor has received copies of all audits, the City has not been cited by the legislative auditor for any problems involving this Fund.
Abshire verified that in performing the audit, his firm read the sales tax call and determined that the taxes collected were used for the purposes stated therein. The Fund was used for salary increases, ie., for increased wages and “direct costs” related to the increases.
In light of the above testimony and the lack of any evidence presented by the plaintiff firefighters to refute that testimony, I conclude the application of the doctrine of contemporaneous administrative construction is appropriate. First, the sales tax provision in question in this case is ambiguous — “City employees [sic] salary increase” can be read (as the firefighters suggest) to be limited to actual dollars added to their gross pay, or can be read (as verified by the auditor) to allow the Fund to be used for direct costs of those increases. This tax initiative was voted on in 1981, and renewed in 1991 and 2001, when it was ultimately challenged by the plaintiffs. Throughout this time, the City, as the administrating body, has interpreted the measure as allowing the deductions that have been made. The City’s interpretation has been approved by the auditor each year for the past 27 years.
Although the parties did not cite or discuss the doctrine of contemporaneous administrative construction, the majority opinion delves into what was intended when |Kthe tax was enacted. It was the City that drafted the tax proposition, submitted the tax proposition to the voters, and implemented the proposition once approved by the voters. The City’s implementation was based on its contemporaneous construction of the proposition. This construction spanned more than two decades without being challenged. When considered in conjunction with the auditor’s approval, the City’s construction is persuasive, especially in light of the fact the firefighters submitted no evidence whatsoever to rebut the City’s and the auditor’s construction of the proposition. In an attempt to determine intent, the doctrine of contemporaneous administrative construction is considered the best evidence and indication of what was meant when the voters enacted the provision.
Nothing in the record indicates the firefighters have proven the City’s intent to exclude the direct costs of the increases in salaries. The firefighters have failed to introduce any evidence to establish the auditor and the City Clerk were wrong in their reading of the sales tax proposal or that the City Clerk’s and the auditor’s reading of the sales tax proposal deviated from the intent of the voters. Consequently, I disagree with the majority’s reversal of the decisions of the lower courts.